**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ALVES MARTINS,<br>Petitioner,<br><br>V.<br><br>MONIZ, *et al*,<br>Respondents. | Civil Case No. 1:26-cv-11383-RGS |

**PETITIONER'S MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER TO INCLUDE CERTIFICATION FOR INTERLOCUTORY APPEAL AND FOR STAY PENDING APPEAL**

## INTRODUCTION

Petitioner Eliezio Alves Martins, respectfully requests the Court to amend its October 5, 2026, Electronic Order ("Order") to include a certification for immediate appeal under 28 U.S.C. § 1292(b), and to stay the proceedings in the interim and pending resolution of any resulting appeal.

The question before this Court is not an immigration policy determination reserved for the BIA; it is a vital question of federal habeas corpus jurisdiction and judicial oversight. Specifically, it is whether this Court retains the authority to ensure that the constitutional requirements established within this Circuit, such as those required under *Hernandez-Lara v. Lyons* and *Pereira Brito v. Garland*, are faithfully executed by administrative bodies, or whether an individual can be indefinitely detained while awaiting a prolonged BIA appeal. Because substantial grounds for difference of opinion exist concerning these legal questions, certification

under 28 U.S.C. § 1292(b) is the appropriate vehicle to let the First Circuit clarify the scope of district court enforcement powers in immigration habeas matters.

Interlocutory appeal of the Order is appropriate here because the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Order meets each of the three statutory criteria.

First, the Order presents two distinct, controlling questions of law concerning federal habeas corpus jurisdiction and the requirement of administrative exhaustion in proceedings brought pursuant to 28 U.S.C. § 2241:

1) Whether 8 U.S.C. § 1226(e) deprives a federal district court of jurisdiction to review and vacate an immigration judge's custody determination when the bond hearing was conducted pursuant to a federal habeas order but allegedly failed to comply with the constitutional requirements imposed by that order; and
2) Whether a petitioner challenging the constitutional adequacy of a bond hearing conducted pursuant to a federal habeas order must exhaust administrative remedies before the Board of Immigration Appeals prior to seeking judicial relief under 28 U.S.C. § 2241, or whether such exhaustion may be excused under the common-law exhaustion doctrine when continued detention threatens irreparable harm.

Resolution of these questions is controlling because it determines whether this Court retains jurisdiction to review the constitutional adequacy of Petitioner's bond hearing and whether Petitioner must first pursue administrative remedies before obtaining judicial relief. If the Court retains jurisdiction and administrative exhaustion is not required or is properly excused, Petitioner may seek relief from continued detention on the ground that the bond hearing

failed to satisfy the constitutional requirements established by the Court's prior habeas order, thereby violating Petitioner's due process rights.

Second, there is substantial ground for difference of opinion on the Court's resolution of this question of law. The Order itself reflects this basis for reasoned disagreement. The Court addresses the jurisdiction question in a short docket entry by stating that "[b]ecause this is an issue for the BIA and ultimately the First Circuit (and not this court) to resolve ", However, other judges within this District have reached different conclusions.

Third, an immediate appeal will materially advance the ultimate termination of the litigation. If the First Circuit accepts this appeal, it will resolve a recurring threshold question of profound institutional consequence: Whether a federal district court retains inherent and statutory authority under 28 U.S.C. § 2241 to enforce its own bond and habeas orders, thereby bypassing common-law exhaustion where agency delays cause irreparable harm, or whether § 1226(e) completely strips the court of jurisdiction to police noncompliant administrative custody proceedings. Resolving this question now will either terminate the habeas proceedings via a definitive ruling on enforcement and release or streamline the parameters of judicial oversight across this District, saving both the parties and the judiciary from redundant, protracted litigation.

The present case involves a controlling question of law that is the subject of active dispute among judges, the resolution of which on interlocutory review could dispose of not only this petition, but also multiple others, and clarify for numerous ICE detainees whether they are eligible to bring a claim before the U.S. District Court regarding the non compliant hearing afforded to them. A § 1292(b) certification is appropriate here.

## ARGUMENT

Section 1292(b) of the Judicial Code gives district judges the discretion to certify their orders for interlocutory appeal, on the following terms:

To certify an order for interlocutory review under 28 U.S.C. § 1292(b), a district court must determine that the order (1) involves a controlling question of law, (2) presents a substantial ground for difference of opinion concerning that question, and (3) presents a question whose immediate resolution on appeal may materially advance the ultimate termination of the litigation. *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005); *Dahl v. Bain Capital Partners, LLC*, 597 F. Supp.2d 211, 213 (D. Mass. 2009); *Philip Morris Inc. v. Harshbarger,* 957 F. Supp. 327, 330 (D. Mass. 1997).

**I. The Court's Order involves two controlling questions of law.**

The Court's Order meets the first criterion for review under § 1292(b) because it turns on a controlling question of law. A "controlling question of law" means "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004) (internal quotation marks omitted). A "'question of law is 'controlling' if reversal of the district court's order would terminate the action.'" *Philip Morris Inc*, 957 F. Supp. at 330 (quoting *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990)).

Here, the Court's Order, *See* ECF No. 12 & 16, presents two controlling questions of law concerning the scope of federal habeas jurisdiction under 28 U.S.C. § 2241 and the applicability of administrative exhaustion requirements to constitutional challenges arising from immigration custody proceedings. The first question concerns whether 8 U.S.C. § 1226(e) deprives this Court of jurisdiction to review the constitutional adequacy of a bond hearing conducted pursuant to its

prior habeas order. The second question concerns whether Petitioner must exhaust administrative remedies before the Board of Immigration Appeals before seeking judicial review of an allegedly noncompliant bond hearing, or whether exhaustion may be excused under the common-law exhaustion doctrine.

Both questions are controlling because their resolution would determine whether this Court may reach the merits of Petitioner's constitutional challenge or whether Petitioner must first pursue administrative relief. A contrary determination on either issue could materially alter the course of this litigation by permitting judicial review of Petitioner's custody hearing without requiring further administrative proceedings. Accordingly, the Order involves controlling questions of law within the meaning of 28 U.S.C. § 1292(b).

## II. Substantial grounds for difference of opinion exist concerning the Court's conclusions on jurisdiction and administrative exhaustion.

### a. 8 U.S.C. § 1226(e) does not bar habeas jurisdiction over constitutional claims or questions of law:

Under 8 U.S.C. § 1226(e), "district courts have jurisdiction to review [an] Immigration Judge's discretionary bond denial . . . where that bond denial is challenged as legally erroneous or unconstitutional.'" *Mayancela Mayancela v. FCI Berlin*, No. 25-CV-348, 2025 WL 3215638, at *4 (D.N.H. Nov. 18, 2025) (quoting *Diaz-Calderon v. Barr*, 535 F. Supp. 3d 669, 676 (E.D. Mich. 2020) (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772-73(N.D. Cal. 2019)); see also, e.g., *Massingue v. Streeter*, No. 3:19-cv-30159-KAR, 2020 WL 1866255, at *4(D. Mass. Apr. 14, 2020)(explaining that §1226(e) does not bar review of "whether the

petitioner received the constitutional due process to which he was entitled" (brackets omitted) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227 (W.D.N.Y. 2019))). Additionally, multiple other judges within this District have entertained motions to enforce where the bond hearing provided was constitutionally deficient. See, e.g., *Martinez Aguilar v. McDonald*, No. 25-CV-13638, Dkt. 17 (D. Mass. June 5, 2026); *Rogerio Ramos v. Moniz*, No. 26-CV-11388, Dkt. 19 (D. Mass. Apr. 27, 2026); *Mijango Velasco v. Wesling*, No. 26-CV-11355, Dkt. 19 (D. Mass. Apr. 24, 2026); *Palma Aguirre v. Moniz*, No. 26-CV-11927, Dkt. 16 (D. Mass. May 21, 2026); *Miti v. Moniz*, 827 F. Supp. 3d 206, 211 (D. Mass. 2026) ("District courts retain habeas jurisdiction to ensure that immigration bond hearings are conducted within constitutional bounds."); *Dos Reis v. Vitello*, No. 25-CV-10497, 2025 WL 1043434, at *2 (D. Mass. Apr. 8, 2025) ("[A] court may intervene where an immigration bail determination is ultra vires or facially unconstitutional"); *Massingue v. Streeter*, 19-CV-30159, 2020 WL 1866255, at *4 (D. Mass. Apr. 14, 2020) (holding that district courts may assess whether an IJ's bond hearing complied with constitutionally mandated standards). The same principle has been applied to judicial review of "material change in circumstances" denials. See, e.g., *Soto Gimenez v. Hernandez*, No. 26-CV-00966, 2026 WL 1156075, at *8 (W.D. Wash. Apr. 29, 2026); *Arikan v. Warden*, No. 26-CV-03748, 2026 WL 2621036, at *9 (E.D. Cal. Sep. 4, 2026); *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 961 (N.D. Cal. 2019); *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 772-73 (N.D. Cal. 2019).

Accordingly, Petitioner reiterates that the Court maintains jurisdiction to assess whether the IJ failed to afford him a constitutionally and legally adequate hearing.

b. **Administrative exhaustion is not mandatory under 28 U.S.C. § 2241, and any applicable exhaustion requirement may be excused:**

Petitioner respectfully submits that administrative exhaustion is not mandatory in the present habeas proceeding and that, even if exhaustion would ordinarily be required, the circumstances of this case warrant an exception under the common-law exhaustion doctrine. Different courts across this Circuit have recognized that habeas claims may be governed by a “more permissive” common-law exhaustion standard. See *Brito v. Garland*, 22 F.4th 240, 256 (1st Cir. 2021). Under this standard, exhaustion may be excused where a petitioner would suffer irreparable harm if required to pursue administrative remedies before obtaining judicial review. See *Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 77 (1st Cir. 1997) (citing *McCarthy v. Madigan*, 503 U.S. 140, 147 (1992)); see also *Bois v. Marsh*, 801 F.2d 462, 468 (D.C. Cir. 1986) ("[E]xhaustion might not be required if [the petitioner] were challenging her incarceration ... or the ongoing deprivation of some other liberty interest.").

Additionally, Courts within this Circuit have found that the loss of liberty endured by a noncitizen in ICE custody is a "severe form of irreparable injury." *Garcia*, 2025 WL 3466312, at *6 (quoting *Ferrara v. United States*, 370 F. Supp. 2d 351, 360 (D. Mass. 2005)); see also *Tomas Elias v. Hyde*, No. 25-cv-540-JJM-AEM, 2025 WL 3004437, at *3 (D.R.I. Oct. 27, 2025); see also *Reyes Vargas v. Warden*, No. 26-CV-11740, 2026 WL 1453510 (D. Mass. May 22, 2026) (finding that when Petitioner's liberty interests are at stake, and his detention under 8 U.S.C. § 1226(a) is discretionary and of no fixed duration, administrative exhaustion through appeal to the BIA is not

required.)

Here, Petitioner does not merely seek reconsideration of the Immigration Judge's discretionary custody determination. Rather, Petitioner challenges the constitutional adequacy of a bond hearing conducted pursuant to this Court's prior habeas order. Petitioner maintains that the hearing failed to satisfy the constitutional requirements imposed by that order and that his resulting continued detention constitutes an ongoing deprivation of liberty. Requiring Petitioner to pursue an administrative appeal before obtaining judicial consideration of whether the Court's own constitutional directives were followed would, Petitioner submits, prolong the very injury that the original habeas relief was intended to remedy.

Accordingly, Petitioner submits that substantial grounds for difference of opinion exist as to whether administrative exhaustion is mandatory under the circumstances presented here, particularly where the challenged custody determination followed a bond hearing ordered by a federal district court to remedy an alleged constitutional violation. This disagreement warrants interlocutory review to clarify whether a petitioner must pursue administrative remedies before seeking judicial relief from an allegedly constitutionally deficient bond hearing.

## III. A decision by the First Circuit may materially advance the termination of the litigation.

An interlocutory appeal materially advances the ultimate termination of the litigation when it promises to save judicial time, litigants' expense, and the societal costs of further litigation.

Here, this statutory criterion is met. The core dispute centers on whether federal district courts possess the jurisdictional authority to review and ensure compliance with their own habeas and bond orders, or whether 8 U.S.C. § 1226(e) strips the court of this power, forcing detainees to endure protracted administrative appeals through the Board of Immigration Appeals (BIA).

Allowing this interlocutory appeal to proceed will achieve the following:

a. **Elimination of Redundant Proceedings:**

If the First Circuit affirms that district courts retain inherent and habeas jurisdiction to enforce bond compliance without mandatory exhaustion, aligning with numerous other sessions in this District, this litigation may advance toward a substantive review and proper remedy regarding Petitioner's custody.

b. **Judicial Economy Across the District:**

Because divergent views currently exist among judges within this District regarding § 1226(e) review and exhaustion, an appellate ruling will settle a recurring threshold question of profound institutional consequence. It will save this Court, the parties, and other similarly situated ICE detainees from litigating repetitive, parallel motions addressing the exact same jurisdictional impasse.

c. **Prevention of Irreparable Harm:**

Given that the ongoing deprivation of liberty constitutes a severe, irreparable injury, an efficient appellate resolution prevents prolonged, potentially unlawful detention while administrative proceedings of uncertain duration continue.

## IV. Continuation of the existing stay pending interlocutory appeal is appropriate.

Petitioner respectfully requests that this Court maintain the stay of proceedings previously entered in this matter pending resolution of the requested interlocutory appeal, *See* ECF No. 12. Although 28 U.S.C. § 1292(b) provides that an application for interlocutory appeal does not automatically stay proceedings in the district court, it expressly permits the district court to order such a stay.

Here, continuation of the existing stay is appropriate to preserve the status quo and promote judicial economy while the First Circuit considers the controlling questions of law presented in this Motion. Because the proceedings are already stayed, Petitioner seeks only to maintain the existing procedural posture, rather than impose a new interruption of litigation. Requiring further proceedings before resolution of the jurisdictional and administrative exhaustion questions could result in unnecessary litigation and expenditure of judicial resources.

Accordingly, Petitioner respectfully requests that the Court maintain its existing stay pending the First Circuit's determination of whether to permit interlocutory review and, if permission is granted, pending resolution of the appeal.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court amend its October 5, 2026, Electronic Order to include a certification for immediate appeal pursuant to 28 U.S.C. § 1292(b) and maintain the existing stay of proceedings.

Respectfully submitted,

ELIEZIO ALVES MARTINS

By his attorney,

/s/ Stephen A. Lagana
Stephen A. Lagana
Law Offices of Stephen A. Lagana
145 Essex Street
Lawrence, MA 01840
(978) 794-2331
BBO No. 565811

Dated: October 19, 2026

**CERTIFICATE OF SERVICE**

I, Stephen A. Lagana, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: October 19, 2026

By: /s/ Stephen A. Lagana
STEPHEN A. LAGANA